IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR 2 3 2009

Gary L. Smith, )
    Plaintiff, )
  )
v. ) 1:08cv1013 (GBL/TRJ)
  )
Heck, et al., )
    Defendants. )

## MEMORANDUM OPINION

Gary L. Smith, a federal inmate housed in Virginia and proceeding pro se, filed a document captioned as an Application for Temporary Restraining Order, which was not part of or accompanied by any underlying complaint. Plaintiff alleged that this Court had jurisdiction pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which extends 42 U.S.C. § 1983 liability to federal officials, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Because district courts have a duty to construe pleadings by pro se litigants liberally provided they at least allege some cause of action, Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999), this Application was construed as a civil action brought pursuant to Bivens and the FTCA. However, plaintiff had not paid the $350.00 filing fee, nor had he submitted an application to proceed in forma pauperis. By Order dated December 17, 2008, the Court directed plaintiff either to submit the filing fee or an application to proceed in forma pauperis. The Court also ordered plaintiff to particularize and amend his complaint, and to provide clear evidence of having fully exhausted his administrative remedies for both his Bivens and FTCA claims.

On December 29, 2008, the Court received a document from plaintiff, alleging thirteen

different claims under Bivens and the FTCA, including the factual claim raised in his original Application for Temporary Restraining Order. Plaintiff also submitted a notice on January 12, 2009, in which he informed the Court that the document received on December 29 was his original complaint, and the Application was only a request for a temporary restraining order. After reviewing the document submitted by plaintiff, docketed as plaintiff's Amended Complaint, some of plaintiff's claims must be dismissed as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King &

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Spalding, 467 U.S. 69, 73 (1984). Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (examining identical language of predecessor statute to § 1915A). Moreover, courts may consider the de minimus value of a claim as one factor in determining whether a complaint should be dismissed as frivolous. See, e.g., Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004).

## II. Merits

Plaintiff currently is incarcerated at FCI Petersburg, and has been since February 1, 2008. In his Amended Complaint, plaintiff raises twelve claims against various officials at FCI Petersburg pursuant to Bivens, and one claim against the United States pursuant to the FTCA. However, Claims (2), (6), (7), (8), (9), (11), (12), and (13) must be dismissed as frivolous or for failure to state a claim.

In Claim (2), plaintiff argues that he is being discriminated against and subjected to cruel and unusual punishment because he is unable to purchase hobbycraft supplies. Am. Compl. 8-9. Plaintiff claims that while other inmates are able to purchase hobbycraft supplies with funds from their inmate accounts, plaintiff is unable to do so. Am. Compl. 8. According to plaintiff, the BOP requires a minimum order of $25 to purchase supplies, however, plaintiff alleges that his inmate account "cannot exceed ten dollars due to the encumbrances on it," therefore he is prevented from ordering hobbycraft supplies.[2] Am. Compl. 8. Plaintiff further argues that while he was able to have his family purchase art supplies from the designated prison vendor while at

---

[2] The Court notes that a review of the documents submitted by plaintiff's correctional institution reflect that there are numerous encumbrances on plaintiff's account, which were imposed pursuant to the Prison Litigation Reform Act.

3

FCI Memphis by using a "Package Authorization" form, officials at FCI Petersburg have declined to provide plaintiff with this form. Am. Compl. 8. Plaintiff seeks to have this Court order the BOP to provide him hobbycraft materials free of charge. Am. Compl. 9.

Similarly, in Claim (11), plaintiff claims that officials at FCI Petersburg do not provide laundry services for inmate's "personal clothing," meaning clothing that is purchased through the commissary such as sweat pants, t-shirts, and other non-prison issue garments. Amend. Compl. 24. Plaintiff alleges that while there are washers and dryers for inmates to wash their own clothes, they must do so by purchasing their own supplies. Amend. Compl. 24, 26. Plaintiff claims that because he is indigent, he cannot afford these items, and that this failure to provide them constitutes cruel and unusual punishment. Amend. Compl. 26. Finally, in Claim (13), plaintiff argues that inmates in three- or four-person cells are discriminated against, because they only have one shelf and three coat hooks, which is the same amount of storage space allotted to inmates in two-person cells. Amend. Compl. 28. Plaintiff states that although a work order was submitted to install a second shelf in his cell, it has not been installed yet. Amend. Compl. 28. He also alleges that it is not fair to other inmates in three- and four-person cells, and that plaintiff himself could be housed in one of these cells at any time. Amend. Compl. 28.

To state a claim alleging a violation of one's Eighth Amendment right to be free from cruel and unusual punishment, a plaintiff must allege and prove: (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury, and (2) that prison officials acted with deliberate indifference to his needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the

challenged condition). As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Thus, the deprivation must result in a serious injury to the prisoner. Strickler, 989 F.2d at 1381 ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment."). Here, plaintiff has not alleged any facts to indicate that he has suffered a serious injury as a result of his lack of access to hobbycraft items, laundry detergent for his personal clothes, or a lack of extra storage space. Although these may be annoyances to plaintiff, they fall far short of being constitutional deprivations.

Furthermore, to the extent that plaintiff alleges that he is denied access to hobbycraft materials and laundry detergent for personal clothes because he is indigent, plaintiff still has failed to state a claim. Under the equal protection component of the Fifth Amendment due process clause, "all persons similarly circumstanced shall be treated alike." Moss v. Clark, 886 F.2d 686, 691 (4th Cir. 1989). However, "where wealth is involved, the Equal Protection Clause does not require absolute equality or precisely equal advantages." San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 24 (1973). Thus, where as here, plaintiff's only contention is that he cannot afford additional items that he would like to have from the commissary, while inmates with more money can afford such items, plaintiff has failed to state a constitutional claim. Plaintiff has no constitutional entitlement to these items, and his correctional institution is not

5

obligated to provide them free of charge. Similarly, plaintiff is not entitled to additional storage space. Although plaintiff alleges that inmates in three- to four-person cells have the same amount of storage space as inmates in two-person cells, there is no freestanding constitutional right to storage space. Additionally, plaintiff has not alleged that inmates in two-person are similarly situated to inmates in three- and four-person cells, thus he has failed to allege facts to support an equal protection claim. Ultimately, plaintiff has done little more than make fanciful factual allegations and inarguable legal conclusions in Claims (2), (11), and (13), therefore these claims will be dismissed as frivolous pursuant to § 1915A(b)(1).

In Claim (5), plaintiff alleges that various officials at FCI Petersburg violated his First, Fifth, and Eighth Amendment rights after the named defendants allegedly took plaintiff's personal belongings and tried to force plaintiff to complete a psychological program against his will. Amend. Compl. 12-13. In Bivens, the Supreme Court established a cause of action under the Constitution against federal officials for the violation of federal constitutional rights. However, as the Court informed plaintiff in its December 17 Order, a Bivens cause of action is only available against federal officials in their individual capacities. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Accordingly, in order to establish liability in a Bivens case, plaintiff must allege the particular acts taken by each defendant that violated his constitutional rights, see Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), and must show some kind of personal involvement on the part of a defendant as well as some connection to the harm alleged, see Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Respondeat superior cannot form the basis of a claim for constitutional violations in a Bivens case. Rizzo v. Good, 423 U.S. 632 (1976). In Claim (5), plaintiff names Patricia Stansberry, Warden of FCI Petersburg, as a

defendant, but he has failed to allege that defendant Stansberry engaged in any actions which violated plaintiff's constitutional rights. As a result, plaintiff has failed to state a Bivens claims against Stansberry, and as a result, she will be dismissed as a defendant from Claim (5).

In Claim (6), plaintiff argues that the BOP is violating federal law by using sex as a basis to discriminate in its Program Statement. Amend. Compl. 17. Specifically, plaintiff argues that the BOP defines the word "nudity" to include the word "female" as a modifier to the word "breast." Amend. Compl. 17. According to plaintiff, this censorship of female breasts is improper discrimination on the basis of sex, in violation of Title VII, 42 U.S.C. § 2000e, et seq.[3] Amend. Compl. 17. Despite his attempt to challenge the BOP regulation, plaintiff's reliance on Title VII is incorrect. Title VII prohibits discrimination on the basis of sex in the context of one's employment. See 42 U.S.C. § 2000e-2. To the extent that plaintiff seeks to challenge the BOP's regulation on the grounds that it discriminates on the basis of sex, Title VII is inapposite. Furthermore, plaintiff has not alleged any violation of his own constitutional rights as a result of the BOP policy relating to nudity. As a result, Claim (6) will be dismissed as frivolous and for failure to state a claim, pursuant to § 1915A(b)(1).

In Claim (7), plaintiff alleges that defendant Davis, who is responsible for determining each inmate's custody/classification score and thus that inmate's security level, improperly scored plaintiff as having a history of major violence. Amend. Compl. 18. Plaintiff alleges this determination is in error, and BOP officials have refused to correct it. Amend. Compl. 19. However, plaintiff has no constitutional right to any particular custody classification. See Moody

---

[3] Plaintiff also states that defendants Heck, Nagle, McWilliams, and Howard have "confused" the term "visible and exposed," but plaintiff fails to allege how, if at all, this violates his constitutional or federal statutory rights.

v. Daggett, 429 U.S. 78, 88 n.9 (1976). As a result, he has failed to state a claim, and Claim (6) must be dismissed pursuant to § 1915A(b)(1).

In Claim (8), plaintiff alleges that on March 11, 2008, he was exposed to second-hand smoke by "defendant Smoker Doe, a correctional officer" at FCI Petersburg. Amend. Compl. 19. Plaintiff claims that as he was returning to his housing unit following his evening meal, Smoker Doe was at the top of a stairwell smoking a cigarette. Amend. Compl. 19. In order to return to his housing unit, plaintiff had to walk through "a cloud of smoke." Amend. Compl. 20. To state an Eighth Amendment claim for exposure to environmental tobacco smoke ("ETS") requires a plaintiff to establish both an objective and subjective component of his claim. Helling v. McKinney, 509 U.S. 25, 35-36 (1993). To satisfy the objective element, a plaintiff must show that he is being exposed to "unreasonably high levels of ETS." Id. This inquiry requires an assessment of "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. at 36. To satisfy the subjective element, a plaintiff must show that prison officials are deliberately indifferent to the risk faced by the plaintiff. Id.

Here, plaintiff has alleged only one instance of exposure to ETS. He admits that the facility is a non-smoking facility, and indicates that special areas are set aside for staff who choose to smoke. As plaintiff has not alleged any repetitive violation of the institution's non-smoking policy, it cannot be said that one incident resulting in exposure to ETS can be considered an unreasonably high level, such that the risk to plaintiff is so grave it violates contemporary standards of decency. As a result, Claim (8) will be dismissed for failure to state a claim, pursuant to § 1915A(b)(1).

In Claim (9), plaintiff alleges that the BOP is not providing him with "appropriate" medical treatment. Amend. Compl. 22. Specifically, plaintiff claims that he suffers from acute gout attacks, which he treated with indomethacin prior to his incarceration. Amend. Compl. 21. However, officials at FCI Petersburg do not have indomethacin on their formulary, and so plaintiff was instructed to purchase a medication from the commissary. Plaintiff filed a grievance regarding this issue, and was informed by the National Inmate Administrator, Harrell Watts, that he could try other drug therapies. Amend. Compl. 21. Plaintiff alleges that he is either allergic to or has had adverse reactions to those medications suggested by Watts. Amend. Compl. 21. Plaintiff states that the Court should order the BOP to provide plaintiff with indomethacin. Amend. Compl. 22.

At the outset, the Court notes that it is not clear who plaintiff believes is responsible for his allegedly improper treatment. Plaintiff names defendant Rizzo in this claim, and states only that she told plaintiff that indomethacin was no longer on the BOP formulary. He indicates that he was instructed to purchase medication from the commissary, but does not state who told him to do so. Plaintiff also mentions briefly that "staff" refused to take him to a medical appointment on one occasion, but does not indicate who was responsible for this refusal. Additionally, plaintiff mentions Warden Stansberry, Mid-Atlantic Regional Director K.M. White, and National Inmate Administrator Watts, however, all of these individuals did no more than to address plaintiff's grievance at their respective stage of the grievance process. In this claim, plaintiff alleges only that "Defendant BOP" is not providing him with appropriate medical treatment. However, the BOP is not a proper defendant in a Bivens action. See Howard v. Federal Bureau of Prisons, 198 F.3d 236 (4th Cir. 1999) (table). Thus, to the extent that plaintiff's claim is

raised only against the BOP, plaintiff has failed to state a claim.

Additionally, even assuming plaintiff has named a proper defendant, plaintiff still has failed to state a claim for a denial of reasonable medical care. Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, in order to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Virginia Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). An assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, even assuming plaintiff's gout rises to the level of a serious medical need, plaintiff has failed to allege that FCI Petersburg officials were deliberately indifferent to that need. Plaintiff does no more than express disagreement with medical personnel at FCI Petersburg over the course of his treatment. As plaintiff himself admits, medical personnel informed plaintiff that he could purchase an over-the-counter medication from the commissary to address his medical needs stemming from his gout, in addition to the two medications recommended by the National Inmate Administrator. Although plaintiff states that he is allergic to or has had adverse reactions to those two medications, plaintiff does not allege that the recommended over-the-

counter medication was insufficient to serve his medical needs. Also, though plaintiff mentions that he was indigent, he does not allege that he had any difficulty obtaining the over-the-counter medication. Even if plaintiff was without funds, per BOP policy, if an inmate is determined to be indigent he will be given over-the-counter medications at the institution's pharmacy. See BOP Policy 6541.02, Over-the-Counter Medications, §§ 549.30 and 549.31. As plaintiff's request for relief indicates, though he was given various options for addressing his medical needs, he would prefer to use the medication he relied on prior to his incarceration. This disagreement over the course of his treatment is insufficient to rise to the level of an Eighth Amendment violation, and Claim (9) will be dismissed for failure to state a claim, pursuant to § 1915A(b)(1).

Finally, in Claim (12), plaintiff alleges that he has been prevented from redressing his grievances through the administrative remedy process at FCI Petersburg. Amend. Compl. 26-27. Plaintiff claims that defendants Rizzo and Davis have refused to process his complaints, and have subjected plaintiff to "punishment when he did exercise his rights." Amend. Compl. 27. To the extent that plaintiff seeks to claim a violation of his right to file grievances, he is unable to state claim. The federal regulations which establish the administrative remedy procedure do not, in and of themselves, create a liberty interest in access to that procedure, such that a failure to comply with those procedures violates an inmate's constitutional rights. See, e.g., Flick v. Alba, 932 F.3d 728, 729 (8th Cir. 1991) (cited favorably in Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding, in relation to a state prisoner, that there is no constitutional right to participate in grievance proceedings)).

Furthermore, to the extent that plaintiff attempts to state a claim for retaliation, he has also failed to do so. Claims of retaliation are generally treated with skepticism because "[e]very

act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Adams, 40 F.3d at 74. To state a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. Moreover, he must allege sufficient facts to support his allegation of a retaliatory motive behind defendants' actions. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). Bare assertions of retaliation do not establish a claim of constitutional dimensions. Adams, 40 F.3d at 75. In addition, plaintiff must allege with specificity that "but for the retaliatory motive, the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Ponchik v. Bogan, 929 F.2d 419 (8th Cir. 1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal).

Here, plaintiff has done no more than make a conclusory allegation that he was subjected to punishment when he exercised his rights. As well, plaintiff claims that the allegedly retaliatory actions were taken in response to his filing of administrative remedies, however, as already noted this is not a constitutional right that plaintiff was exercising, therefore any alleged retaliatory action is insufficient to state a claim. Furthermore, plaintiff has failed to allege facts to support the existence of a retaliatory motive behind defendants' actions. Plaintiff has presented only a bare allegation of retaliation, therefore Claim (12) will be dismissed for failure to state a claim pursuant to § 1915A(b)(1).

In Forma Pauperis Request:

Lastly, plaintiff has consented to pay an initial filing fee and to make subsequent payments, pursuant to 28 U.S.C. § 1915(b), until he has paid the full filing fee. Plaintiff's

institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $5.36 to his account, had an average monthly balance of $5.51, and had a balance of $0.34 at the time of inquiry. Therefore, plaintiff will be required to pay a partial filing fee of $1.10, which is twenty percent (20%) of the greater of the average monthly deposits or balance for the last six months preceding filing of this complaint. See 28 U.S.C. § 1915(b)(1). After submitting his initial filing fee, plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

### III. Conclusion

For the above reasons, Claims (2), (6), (7), (8), (9), (11), (12), and (13) will be dismissed with prejudice as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). The case will remain pending on Claims (1), (3), (4), (5), and (10). An appropriate Order shall issue.

Entered this 23rd day of March 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge